## EX PARTE ESTATE OF FERNÁNDEZ.

### APPEAL from the District Court of Humacao.

No. 550.—Decided October 24, 1910.

PARTITION OF AN ESTATE—JUDICIAL APPROVAL—MODIFICATIONS PROPOSED BY THE COURT.—According to section 71 of the law relating to special legal proceedings, approved March 9, 1906, district courts have power to modify the partition of an inheritance presented for its approval, and the parties interested should then prepare a new partition with the modifications proposed by the court for its final approval.

ID.—LEGAL MODIFICATIONS DEMANDED BY THE COURT.—The words "legal modifications," used in section 71 of the law of special legal proceedings, as amended by the Act of March 8, 1906, do not mean that the modifications demanded by the court in a partition of inheritance are expressly ordered by definite precepts of the law, but that such modifications are based upon the law and made the better to comply with the purposes of the law.

MINORS' PORTION—THINGS INDIVISIBLE OR DEPRECIATED BY DIVISION.—To the minors there should be adjudicated, within the bounds of equality, the property which is least exposed to difficulties or litigation; and the provisions of section 1029 of the Revised Civil Code should be resorted to only when the general rule established by section 1028 of the same Code cannot be followed.

The facts are stated in the opinion.

*Mr. Antonio Sarmiento* for appellant.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This is an appeal from an order made by the District Judge of Humacao, in chambers, refusing his approval of a partition

of the Estate of Víctor Fernández Navas, deceased. The order complained of as erroneous reads as follows:

"On March 8, 1910, the petitioner filed a motion for approval of the partition of the estate left by Victor Fernández Navas at his death.

"To-day, 26th of March, 1910, the undersigned judge, in chambers, decides:

"The approval applied for cannot be granted until the partition is more clearly made in regard to the share in the real estate allotted to the heir, Miguel Fernández Aponte, in the property designated by letter E of his share in the inventory (*hijuela*), and until the same is done in regard to subdivision H of the share of the widow, Doña Monserrate, shown in the inventory. We refer to her interest therein, whether it is a fifth, a fourth or a third thereof, etc.

"Likewise, until the shares, as inventoried, of the minors, Joaquín and Amada, which appear united without any reason whatever, are properly separated.

"Said petition must also be modified in order to fix, in the manner already stated, the percentages belonging to each minor in the real properties allotted to him; and one of the heirs who is of age be compelled to pay the $80 in cash, because, as no cash is allotted to said minors, such liability on their part would require the sale of part of their inheritance, with evident prejudice to their interests, in order to defray the expense of the proceedings to show the utility and necessity of such alienation so as to meet that liability. All with the costs incurred."

This order was unsatisfactory to the party presenting the partition for approval, and an appeal was duly taken to this court asking that the same be set aside and annulled for several reasons which may be formulated into the following assignment of errors, to wit:

First. The court erred in the form of the order made in declaring that the partition could not be approved when section 71 of the law concerning special legal proceedings, as amended, absolutely declares that the district court shall approve the partition making such modifications as may be proper in the premises.

Second. The modifications which the court orders are not such as are required by section 71 cited in the previous assignment.

Third. The minority of an heir does not prevent an article which is indivisable or will be much depreciated by division from being adjudicated to one of the heirs on condition that. he reimburse in money the other heirs the excess over what is properly the amount of his portion.

The first complaint made is not justified because the District Court of Humacao, in dictating its order of March 26,. 1910, exercised the powers which are conferred by section 71 of the law concerning special legal proceedings of 1905, as the same was modified on March 8, 1906 (Laws of 1906, p. 167, Spanish copy, p. 183.) The said section cannot be interpreted in the sense of imposing upon the court the duty of making by itself the partition when it does not approve that presented by the party interested; but in that case, as has been done in the present instance, the court ought to specify the legal modifications which it thinks proper and the interested parties themselves should then prepare a new partition properly modified and submit it to the court for final approval.

The second complaint likewise fails because, although it cannot be said that the modifications demanded by the court are expressly ordered by definite precepts of the law, it is certain that they are based upon the law and are required to be made in order to better comply with the purposes of the law and consequently they must be regarded as legal.

For example, in section 1035 of the Revised Civil Code it appear that the partition, when legally made, confers upon each heir the exclusive property in the articles which shall have been adjudicated to him. And in section 71 of the law of special legal proceedings it is required that the partition should contain all the requisites necessary for the registration of the document in the registry of property. And as, in order to comply with such requirements of the law, it has been ordered in this case, that the same shall indicate clearly the

part which belongs to each one of the heirs, such a modification is, in our judgment, entirely correct and should be made.

The same may be said with respect to what is declared in the order in regard to the shares of the minors. By "share," says Manresa in his Commentaries upon the Civil Law, volume 4, page 497, "is understood the whole of that which by any view whatever belongs to each person interested in the inheritance and of the property which is adjudicated to him in payment; this name is also given to the document from which these matters appear." From this it is deduced that each share ought to consist of two parts; the first part contains the allotment of the interested party, that is, that which he should receive from the inheritance according to the liquidation and division made, whether by the law or by will, or legacy, or by any other means whatever, and it is set forth, portion by portion, in order to reduce them to one sum which forms the total allotment of each participant; and in the second part is made the adjudication and payment or, so to speak, the designation of the articles inventoried which are given in a sufficient quantity, according to their values, to cover the allotment.

And we may say of the third complaint that it cannot be sustained; because when any thing is indivisible, or depreciates greatly by division, it can be adjudicated to one on condition that he pay to the others the excess in money, as is provided in section 1029 of the Revised Civil Code. To such a proceeding resort should be had only when the general rule established by section 1028 of the same Code cannot be adopted; so much the more when minors are concerned for whose welfare the judges are bound to be vigilant, in accordance with the law. To the minors there should be adjudicated, within the bounds of equality, the property which is least encumbered and in the form least exposed to difficulties or litigation; and the resolution of the district court appealed from tends to such a result and should be sustained.

Another and further legal reason which could be used as a ground for an order directing the modification of the parti-

tion in this case, where minors are concerned, is that due con-
sideration must be had of the hereditary rights granted to the
surviving partner in the marriage, in concurrence with the
children when such rights are not stated in the law. Refer-
ence may be made in this connection to our decision in the
case of *Julbe* v. *Guzmán* (16 P. R. Rep., 502), decided June
15, 1910.

Taking all these matters into due consideration we see no
error in the ruling made by the District Judge of Humacao,
in chambers, and the order appealed from should de affirmed.

*Affirmed.*

Justices Wolf and del Toro concurred.

Chief Justice Hernández and Justice Figueras did not
sit at the hearing of this case.